

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 13, 1963

Col. Homer Garrison, Jr.
Director
Texas Department of Public Safety
Austin, Texas

Dear Col. Garrison:

Opinion No. C-125

Re:  Under the provisions of S. B.
451, Acts 58th Leg., amending Art.
911b, V.C.S., if the owner of a truck
leases such vehicle without a driver
to any person other than a common
carrier, contract carrier or spe-
cialized motor carrier, will such
owner be considered to be transport-
ing property for compensation or
hire, and related questions.

In your recent letter you requested an opinion of this office on the
recently enacted Senate Bill 451, Acts 58th Legislature, Chapter 451, page
1316, which amended Article 911b, Vernon's Civil Statutes, by adding para-
graph (j) to Section 1. The questions you asked are as follows:

"1. Under this amendment, if the owner of a truck
leases such vehicle without a driver to any person other
than a common carrier, contract carrier or specialized
motor carrier, will such owner be considered to be trans-
porting property for compensation or hire?

"2. If the owner of a truck leases such vehicle to
any person other than a common carrier, contract car-
rier, or specialized motor carrier and is employed by
the lessee as a driver, will such owner be considered
to be transporting property for compensation or hire?

"3. If the owner of a truck leases such vehicle
without a driver, but with a provision that a driver
must be secured through the Texas Employment Commis-
sion, to any person other than a common carrier, con-
tract carrier or specialized motor carrier, will such
owner be considered to be transporting property for com-
pensation or hire?

-618-

"4. If the lessee of a truck not being a motor carrier or contract carrier secures a driver for such vehicle through Manpower, Inc., would the lessor be considered to be transporting property for compensation or hire?

"Manpower, Inc., is an organization that has as its primary business the furnishing of employees of different skills or trades to other business organizations upon request. Manpower, Inc., pays these employees and maintains all payroll records including the withholding of taxes and social security benefits. The business organization requesting an employee from Manpower, Inc., has complete control of the employee except that payment for such employee's services is made to Manpower, Inc., who withholds a commission or fee for handling the account. In practice, the employee performs his work for the business organization just as any other employee of such organization but draws no salary except from Manpower, Inc.

"5. In the four preceding questions, what would be your interpretation if the lessee was a common carrier, contract carrier or specialized motor carrier?"

Article 911b, Section 1 is the section of the Motor Carrier Act which defines the terms used in the Act. It provides that:

"When used in this Act unless expressly stated otherwise." (Then follow the various definitions)

Senate Bill 451 amended this Section 1 by adding a paragraph (j), defining the term "transporting property for compensation or hire" which provides in its material parts as follows:

" ' (j) The term transporting property for compensation or hire shall include the furnishing during the same period of time of equipment and drivers to persons, firms, copartnerships, associations or joint-stock associations other than common carriers, contract carriers, or specialized motor carriers for use in their carrier operations whether the equipment and drivers are furnished by the same or separate person, firm, co-partnership, association or joint-stock association, and their lessees,

receivers or trustees appointed by any court whatso-
ever owning, controlling, managing, operating or
causing to be operated any motor-propelled vehicle.' "

The effect of this amendment is to make the term (phrase) "trans-
porting property for compensation or hire" where it appears in Section 1 (g)
and 1 (h) and other sections of the Motor Carrier Act, include the furnish-
ing during the same period of time of equipment and drivers to persons,
firms, etc.

The amendment provides that the transporting of property for com-
pensation or hire shall include the furnishing during the same period of time
the equipment and drivers "whether the equipment and drivers are fur-
nished by the same or separate person, firm, co-partnership, association or
joint-stock association and their lessees . . . owning, controlling, managing,
operating or causing to be operated any motor propelled vehicle." It seems
apparent that the Legislature by its language intended to include the furnish-
ing of the equipment and the driver within the meaning of the term "trans-
porting property for compensation or hire." The language would be meaning-
less under any other kind of an analysis. If both the equipment and drivers
are furnished during the same period of time, even if furnished by "separate
person, firm, . . . " etc., the transportation would be for compensation or hire
under the language of the statute. In other words, to be unregulated transpor-
tation, within the meaning of Paragraph (j), the person owning the commodity
being transported must furnish either the truck or the driver. If both the
equipment and drivers are furnished by the same or separate persons other
than the owner of the commodity being transported the transportation is for
compensation or hire.

It is, therefore, our opinion that an owner of a truck who leases such
vehicle without a driver will be considered to be transporting property for
compensation or hire as he is furnishing "equipment" in the terms of the
statute only if the drivers are being furnished by a separate person or firm
other than the lessee. This, of course, does not include the furnishing of
equipment and drivers to common carriers, contract carriers or specialized
motor carriers for use in their carrier operations. (See answer to question
No. 5)

In answer to your second question, it is our opinion that a person
leasing a truck to be employed in the transportation of commodities over
the highways of The State of Texas, and being employed by the lessee as a
driver would be considered to be transporting property for compensation or
hire over the highways of The State of Texas as he is, in addition to furnish-

ing the truck, also furnishing the driver (himself). He is furnishing both the "equipment" and "driver" within the terms of the statute. Again, this does not include the furnishing of equipment and drivers to common carriers, contract carriers or specialized motor carriers for use in their carrier operations.

Inasmuch as we have answered your first question to the effect that the leasing of a truck and the furnishing of drivers by the same or separate persons would be considered to be transporting property for compensation or hire, our answer to your third question must be in the negative. Here the drivers would be employed by the lessee. The fact that the Texas Employment Commission referred such drivers to the lessee would not mean that the Commission was furnishing drivers within the terms of the statute. Therefore, all we have here is the lease of the equipment, and, as the drivers are not being furnished by the same or separate persons, the transportation would not be considered for compensation or hire under this statute.

Our answer to question number four is in the affirmative. The truck being furnished by one person and the drivers furnished by Manpower, Inc., it would follow that both the equipment and drivers are furnished by separate persons which within the terms of the statute is considered to be transporting property for compensation or hire.

By virtue of the proviso in Paragraph (j) which reads: "other than common carriers, contract carriers, or specialized motor carriers for use in their carrier operations" if equipment and drivers are furnished to common carriers, contract carriers or specialized motor carriers, the operations described in your first four questions would not be included in the term "transporting property for compensation or hire" as used in said Paragraph (j), and said four questions would be answered in the negative.

We express no opinion as to whether the furnishing of such equipment and/or drivers to common carriers, contract carriers, or specialized motor carriers is a violation of any other section of Article 911b, Vernon's Annotated Civil Statutes.

## SUMMARY

The furnishing of both the truck and drivers by the same or separate persons is considered to be the transporting of property for compensation or hire within the meaning of Article 911b, Section 1(j), Vernon's Civil Statutes, only

in the event such furnishing is to entities other than common carriers, contract carriers, or specialized motor carriers.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Norman V. Suarez
Assistant Attorney General

NVS:nb

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Murray Jordan
Gordon Zuber
W.O. Shultz
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY: Albert P. Jones